IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY A. ESQUIVEL,         )
                             )
         Petitioner,         )
                             )
v.                           )    Case No. CIV-11-365-W
                             )
WARDEN, F.C.I., EL RENO,     )
                             )
         Respondent.         )

**PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

The present action involves the denial of credit for pretrial detention between June 28, 2007, and August 14, 2008. The habeas petition should be denied.

The Petitioner was sentenced in both Missouri state court and the federal district court for the Western District of Missouri. Mr. Esquivel started serving his federal sentence on August 14, 2008, and his credit began at that time on the federal judgment.[1] He claims that the credits should have begun on June 28, 2007, because he had obtained parole on that day for the Missouri sentence. The Respondent states that Mr. Esquivel did not obtain parole until August 14, 2008.

After hearing oral argument,[2] the undersigned recommends denial of the habeas petition because the factual dispute over the parole date is immaterial. Mr. Esquivel agrees that as a parolee, he obtained credit against the state sentence from June 28, 2007, to August

---

[1]   *See* Transcript of Oral Argument at pp. 20-21 (Aug. 3, 2011).

[2]   *See* Courtroom Minute Sheet (Aug. 3, 2011).

14, 2008.[3] Under 18 U.S.C. § 3585(b) (2006), the Bureau of Prisons cannot credit the time spent in federal custody from June 28, 2007, to August 14, 2008, because he was already being credited for the same time against the state sentence.

As noted above, the parties disagree about the reason that Mr. Esquivel was obtaining the credit for the state sentence. Mr. Esquivel states that he was obtaining the credit because of an anomaly in Missouri law, and the Respondent attributes the credit to the fact that the Petitioner was still spending time in prison on his Missouri sentence. Either way, however, the effect would be the same. The federal statute (18 U.S.C. § 3585(b)) prohibits credit against the federal sentence if the same time-period had been credited against a state sentence. Regardless of the reason that Missouri was giving the Petitioner credit for the state sentence, the dispositive fact is that such credit had been given. With that credit, the Bureau of Prisons could not give Mr. Esquivel credit against the federal sentence because of the wording of 18 U.S.C. § 3585(b).

As discussed in the hearing, the Petitioner's argument rests on fairness.[4] He contends that the credit from June 28, 2007, to August 14, 2008, meant little to him because he was on parole for his Missouri sentence.[5] But, Section 3585(b) does not differentiate between the impact of credit for time spent in prison or on parole. Either way, the language of the statute

---

[3] *See* Transcript of Oral Argument at pp. 6-7, 11-13, 18-19, 23 (Aug. 3, 2011).

[4] *See* Transcript of Oral Argument at pp. 12-13 (Aug. 3, 2011).

[5] Transcript of Oral Argument at pp. 12-13, 22 (Aug. 3, 2011).

2

would unambiguously prevent a credit against the federal sentence for the same time that Mr. Esquivel had been credited after his alleged parole on June 28, 2007.

Because the parties agree that Mr. Esquivel received credit against his state sentence for the time-period in question (June 28, 2007, to August 14, 2008), the Court should deny the habeas petition.

The Petitioner can object to this report and recommendation. To do so, Mr. Esquivel must file an objection with the Clerk of this Court by September 15, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested ruling.[6]

The referral is discharged.

Entered this 29th day of August, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[6] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").